IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA PEREZ-LUGO,<br><br>    Plaintiff,<br><br>      v.<br><br>GRUPO HIMA-SAN PABLO, INC., ET. AL.,<br><br>    Defendants. | CIV. NO. 11-2162(PG) |

**ORDER**

    On July 10, 2012, the court granted the plaintiff's request for production of documents (hospital protocols) but denied without prejudice her request for sanctions against co-defendant Grupo HIMA - San Pablo, Inc. (hereinafter "the Hospital"). See Docket No. 55. After the Hospital's failure to comply with this court's order to produce, on September 19, 2012, the Hospital was ordered to "pay the plaintiff the amount of $200.00 as a result of its unwarranted delay in the production of the requested documents despite this Court's orders." See Docket No. 65. Thereafter, on November 1, 2012, the court once again imposed a $300 sanction upon co-defendant the Hospital "for its undue delay in providing its answers to the plaintiff's written discovery requests." See Docket No. 74. The court then warned the Hospital that if it continued to flout this Court's orders and rules, its conduct would result in more severe sanctions, including, but not limited to, the entry of default against it. See id.

    Once again, the plaintiff moved to inform the court that the Hospital has failed to comply with a court order. See Docket No. 100. Basically, the plaintiff complains that the Hospital did not provide its proposed stipulations for the preparation of the joint pre-trial order by May 1st, which was the deadline imposed by the court during the second settlement conference held on March 19, 2013. See Docket No. 95. According to attorneys for the plaintiff, one day after the deadline had already elapsed, attorney for the Hospital Roberto Ruiz Comas informed them, without more, that his client's proposed stipulations would be provided on May 6th, that is, 5 days after this court's deadline. See Docket No. 100.

Civ. No. 11-2162 (PG)                                                    Page 2

The plaintiff's motion is unopposed, and thus, atty. Ruiz Comas fails to explain his delay to the court.

"Federal Rule of Civil Procedure 37(b) provides a veritable arsenal of sanctions in the context of discovery, … , including the imposition of default judgment against a disobedient party for failure to obey a court order." Companion Health Services, Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir.2012 (internal citations and quotation marks omitted). The rule states that "[i]f a party or a party's officer, director, or managing agent … fails to obey an order to provide or permit discovery, … , the court where the action is pending may issue further just orders." FED.R.CIV.P. 37(b)(2)(A). These orders include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED.R.CIV.P. 37(b)(2)(A).

To that effect, the First Circuit Court of Appeals has repeatedly held that "a party who flouts a court order does so at its own peril. See, *e.g.*, Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45–46 (1st Cir.2002). A court faced with a disobedient litigant has wide latitude to choose from among an armamentarium of available sanctions." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37 (1st Cir.2012) (citing Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir.1993)). Moreover, the First Circuit has noted that "the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced

Civ. No. 11-2162 (PG)                                                    Page 3

deadlines." Legault v. Zambarano, 105 F.3d 24, 29 (1st Cir.1997). "If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." Id. (citing Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990)). Because a court's interest in administering its docket is strong, "the court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir.2002). See also Anderson v. Beatrice Foods Co., 900 F.2d 388 (1st Cir.1990) ("Courts cannot function smoothly if parties, and counsel, ignore the rules, overlook due dates, or flout court orders. In this sense, sanctions may be a useful tool in vindicating the court's authority, reminding those who need reminding of the protocol, and ensuring orderliness in the judicial process").

As previously stated, the Hospital has ignored and failed to comply with this court's orders, thereby delaying the discovery proceedings in this case and clogging this court's dockets. This court has twice imposed monetary sanctions upon this co-defendant and warned of more severe sanctions, and yet it still dares to flout this court's imposed deadline to provide the plaintiff its proposed stipulations by May 1st without previously seeking this court's leave or even explaining its lack of compliance after the plaintiff has brought it to this court's attention. True to our word then, more severe sanctions shall be imposed.

Therefore, as a result of the Hospital's multiple failures to adhere to this court's orders, we hereby rule that all of plaintiff's stipulations regarding the Hospital will be deemed accepted and true for purposes of trial, and all of the Hospital's stipulations to the contrary and/or against the plaintiff will be rejected.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 22, 2013.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE